**In re IDAHO AGRIQUIPMENT, INC., Debtor.**

**Bankruptcy No. 83–01437.**

United States Bankruptcy Court, D. Idaho.

Nov. 6, 1985.

L. Charles Johnson, III, Johnson, Olson & Robison, Pocatello, Idaho, for Gerald E. Clark.

Maurice O. Ellsworth, U.S. Atty., Boise, Idaho and F. Michael Kovach, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for United States of America, the Internal Revenue Service.

## CORRECTED MEMORANDUM DECISION AND ORDER

ALFRED C. HAGAN, Bankruptcy Judge.

Gerald E. Clark asks this Court to injoin the Internal Revenue Service (IRS) from pursuing its attempt to collect a 100 percent penalty from Clark as a person responsible for collecting and paying the debtor's trust fund taxes pursuant to 26 U.S.C. § 6672. Clark asserts that 11 U.S.C. § 362 stays collection activity against himself, as an officer and shareholder of the debtor; that the debtor's confirmed plan binds the IRS and therefore bars the IRS' collection activity, and that the Court has the authority under 11 U.S.C. § 105(a) to enjoin any activity that could impair the debtor's reorganization. The IRS contends that service was improper; that the action is barred by sovereign immunity; that relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a); and that Clark has failed to state a claim upon which relief can be granted. I conclude that service was improper, and that relief is barred by the Anti-Injunction Act. I will not address the IRS' other contentions.

■ Clark served this pleading on an appeals officer of the IRS. This does not comply with Bankruptcy Rule 7004, concerning service in an adversary proceeding, or even with Bankruptcy Rule 2002(j) for service in a proceeding other than an adversary proceeding. Service was clearly improper; nevertheless, I will address the issue raised in the pleading.

Section 362, Title 11, U.S.Code, stays actions against the debtor, not officers or shareholders of the debtor. Also, the provisions of the debtor's confirmed plan binds the debtor and each creditor to the plan. 11 U.S.C. § 1141(a). It does not affect the creditor's rights against other parties. There is a substantial amount of case law supporting Clark's request for an injunction pursuant to 11 U.S.C. § 105(a). Beginning with *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), a number of courts have concluded that they have jurisdiction to enjoin collection activities of the IRS for penalties imposed pursuant to 26 U.S.C. § 6672. *See In re Steel Products, Inc.*, 47 B.R. 44 (Bankr.W.D.Wash.1984) *reversed on appeal* 53 B.R. 999 (order and judgment entered in Case No. C85–11M on Au-

gust 2, 1985 by the U.S. District Court, W.D.Washington); *In re O.H. Lewis Co., Inc.*, 40 B.R. 531 (Bankr.D.New Hampshire 1984) (implicitly finding that it could issue an injunction, but denying the request for injunction because of the availability of alternative remedies); *In re Datair Systems Corp.*, 37 B.R. 690 (Bankr.N.D.Illinois 1983); *In re Jon Co., Inc.*, 30 B.R. 831 (D.Colorado 1983); *In re H & R Ice Co., Inc.*, 24 B.R. 28 (Bankr.W.D.Missouri 1982); *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.California 1981).

Other courts have determined that the Anti-Injunction Act prohibits the issuance of an injunction even under factual situations as exist in this case. *United States v. Rayson Sports, Inc.*, 44 B.R. 280 (N.D.Illinois 1984) *In re Pressimone*, 39 B.R. 240 (N.D.New York 1984); *In re County Wide Garden Center, Inc.*, 25 B.R. 203 (Bankr.S. D.New York 1982).

Many courts have relied on *Bostwick* for support of the proposition that Bankruptcy Courts may injoin I.R.S. collection activity in spite of 26 U.S.C. § 7421(a), and others have relied on *Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242 (3rd Cir.1980) to reach the opposite conclusion. However, Bostwick may be distinguished on its facts. In *Bostwick*, the Eighth Circuit determined that a Bankruptcy Court could enjoin IRS collection efforts to collect a claim for taxes, for which no proof of claim had been filed, from the *debtor* following the entry of a discharge. In *Becker's Motor Transportation, Inc.*, the Third Circuit held that there was no Bankruptcy Court exception to the application of 26 U.S.C. § 7421(a), and that the IRS could not be enjoined from attempting to collect from the debtor prepetition interest and post-petition penalties, though the underlying tax claim had been satisfied pursuant to a Chapter XI plan of arrangement, under the Bankruptcy Act of 1898.

I conclude that I do not have jurisdiction to enjoin the collection of a penalty for which Clark is liable. First, the Anti-Injunction Act, 26 U.S.C. § 6672, specifically bars the enjoining of IRS collection ef-

forts. While the Bankruptcy Code specifically stays *all* collection effort against the *debtor*, 11 U.S.C. § 362(a), it does not stay any action against nondebtors except as provided in 11 U.S.C. § 1301, which is not applicable. The Code empowers the Bankruptcy Court to determine the amount or legality of any tax, fine or penalty relating to a tax. However, in the context of Title 11, U.S.C., I do not read this to allow this Court to determine the amount or legality of any tax, fine or penalty owed by a nondebtor, i.e. an entity that has not availed itself of the protection of the Bankruptcy Code. While this Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of Title 11, 11 U.S.C. § 105(a), that authority is not limitless. The stay of creditor action against the debtor does not specifically provide, and was not intended to provide, protection to others who were also liable for the debtor's debts, except as provided in § 1301. I do not view § 105 as being sufficiently specific to override the clear language of 26 U.S.C. § 7421(a).

The Supreme Court has held that the collection efforts of the IRS may be enjoined on a showing that (1) under the most liberal view of the facts, the United States could not establish its claim, and (2) collection would cause the requesting party irreparable harm. *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984); *Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974). I conclude that Clark has not made a showing sufficient to support the granting of an injunction.

Clark's only source of protection from the collection efforts of the IRS is filing a petition to avail himself of the protection of Title 11 of the U.S.Code. His request for an injunction is denied.

IT IS SO ORDERED.