In the Matter of Gerald Leon ASKEW.

Joyce Ann ASKEW, Debtors/Plaintiffs,

v.

Fred CHANNEL et al., Urbana, Ohio, Defendants.

Bankruptcy No. 3–83–00659.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 28, 1986.

Ira Rubin, Dayton, Ohio, for debtors/plaintiffs.

Bertram N. Hack, Springfield, Ohio, for defendant.

## DECISION AND ORDER

WILLIAM A. CLARK, Bankruptcy Judge.

This matter was before the Court on April 25, 1986 on the motion of debtors to punish Fred Channel for contempt and for enforcement of the post discharge injunction in this case. The Court is asked to find Fred Channel and his attorney, Bertram N. Hack, in contempt of this court for violation of the confirmation order of this court filed February 4, 1986.

The court finds that the Confirmation Order contained a compromise provision providing in part as follows:

"... in addition, Fred Channel shall have the right to file, within 20 days from the date hereof, a complaint under 11 U.S.C. § 523, to exempt from discharge certain debts allegedly owed to him ..."

On the same date, February 4, 1986, the court granted Fred Channel until February 24, 1986 to file notice of appeal from the Confirmation Order. On February 6, 1986 the court ordered the Confirmation Order modified to provide Fred Channel "shall have until February 24, 1986 to file a dischargeability complaint in this proceeding." On February 24, 1986 Fred Channel filed a Notice of Appeal from the Confirmation Order, which Notice of Appeal was withdrawn on April 7, 1986. On March 4, 1986, Channel, by his present counsel, Bertram N. Hack, filed Adversary Proceeding No. 3–86–0038, which was withdrawn on April 7, 1986. Prior to such withdrawal, Mr. Channel, on April 4, 1986 filed a complaint in the Common Pleas Court of Champaign County Ohio in case No. 86 CIV 43 alleging substantially the same facts as were alleged in the complaint of the adversary proceeding filed in this court. The Court further finds that although Fred Channel received certain Wisconsin farm records of the former partnership from debtors, the records were incomplete and unreconcilable. The information delayed Fred Channel in determining the extent and evaluation of his alleged claim against debtors.

The Court finds that upon the facts presented at the hearing and in accordance with the oral decision rendered on April 25, 1986, the Court has power under 11 U.S.C. Sec. 105 to issue an injunction after the Confirmation Order to protect the debtors and to enforce the terms of such confirmation order. The Confirmation Order is a discharge in bankruptcy and a continuing injunction enjoining creditors from taking any collection action or other legal proceeding against debtors not provided for in the Confirmation Order. The February 4, 1986 Confirmation Order provided Fred Channel the right to file a dischargeability complaint within 20 days. The post discharge injunction was violated by Fred Channel and his attorney, Bertram N. Hack. The various filings by Channel's counsel demonstrate confusion and uncertainty as to the proper method of bringing his claim, relative to 11 U.S.C. § 523 for exempting the claim from discharge, to the attention of this Court, which Channel's counsel attributed to the inadequate information furnished by debtors.

The Court finds that Fred Channel, by counsel, filed a Notice of Appeal from the Confirmation Order within the time allowed for the filing of the adversary proceeding. This Court considers that filing sufficient notice to debtors of the adversary interest of Fred Channel concerning the dischargeability claim contemplated by the Confirmation Order of February 4, 1986. The subsequent filing of the suit in Champaign County, Ohio, withdrawal of the previously filed adversary proceeding in this court and withdrawal of the Notice of Appeal demonstrate confusion on the part of Fred Channel's counsel. That confusion should not prejudice the creditor, Fred Channel, from having his claim of fraudulent conduct decided upon the merits rather than by procedural requirements which would preclude such consideration. Preclusion of the claim consideration by procedural defect elevates form of presentation over substance.

IT IS, THEREFORE, ORDERED that Fred Channel is enjoined from further prosecution of the Champaign County suit against debtors in case number 86 CIV 43. The filing of such suit was a violation of the post discharge injunction for which this court will entertain appropriate documentation to support the costs and attorney fees of debtors in defending such suit and enforcing their rights in this action.

IT IS ORDERED that for the violation of the post discharge injunction, Fred Channel should pay damages to the debtors for their attorney fees and costs for the defense of the Champaign County law suit and preparation and hearing the motion to enforce the post discharge injunction; an application for such attorney fees and costs may be presented for approval of the court within seven (7) days from the date hereof, if debtors' counsel wishes an Order on such fees and costs.

IT IS FURTHER ORDERED that under the equitable powers of this court, Fred Channel, be and hereby is granted leave to file within seven (7) days from the date hereof, a complaint in this court relative to dischargeability of certain debts allegedly due him from debtors to be considered by the Court as if filed on February 24, 1986 when the Notice of Appeal, later withdrawn, was filed.