**In re CONDEL, INC., dba Konell International and Konell Enterprises, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**CONDEL, INC., dba Konell International and Konell Enterprises, Appellee.**

**BAP No. CC–87–1068–MeVP.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 19, 1988.

Decided Aug. 10, 1988.

Jeffrey G. Varga, Asst. U.S. Atty., Los Angeles, Cal., for appellant.

Stanley Minier, Stanley Minier, Inc., Santa Ana, Cal., for appellee.

Before MEYERS, VOLINN and PERRIS, Bankruptcy Judges.

OPINION

MEYERS, Bankruptcy Judge:

This cause is before the Panel on an appeal from two orders of the United States Bankruptcy Court for the Central District of California. The issues involved are as follows: (1) whether the lower court erred in considering the objections of the Internal Revenue Service ("IRS") to Debtor's Plan when such objections were not timely filed; (2) whether error was committed in confirming a Plan of Reorganization

in a Chapter 11 case which enjoins the IRS from levying or seizing from officers of the debtor their wages and salaries from debtor or their shares in debtor until debtor has been in default for at least thirty (30) days; and (3) whether the bankruptcy court erred in confirming a Plan providing that "for each dollar of taxes, interest and penalties paid, any corresponding penalty assessment shall be reduced by one dollar".

## II

## FACTS

Debtor filed a voluntary Chapter 11 petition on May 3, 1984 and filed its proposed plan of reorganization on January 31, 1986. An Order approving Debtor's Disclosure Statement was entered on March 27, 1986. This Order provided in part that "Any objection to confirmation of the Plan shall be filed on or before ten (10) days prior to the date of the hearing on confirmation of the Plan." Notice that the hearing on the confirmation of the Plan would be on May 5, 1986 was provided to the IRS along with notice that any objections to the Plan must be filed 10 days prior to said hearing. On May 2, 1986, the last business day before the hearing, the IRS filed its objections. Therein, the IRS objected to the Plan's requirement that tax, penalty and interest payments by Debtor result in the reduction of any corresponding penalty assessments against officers of the Debtor and to the injunctive features of the Plan. After certain modifications to the proposed Plan, the court entered its Order Confirming the Plan on January 8, 1987. The IRS filed its Notice of Appeal on January 16, 1987.

Condel, Inc. is a California corporation with four employees engaged in the business of making electronic controls for diesel generators. One of Debtor's employees, Bernard Perra, is also the sole director, shareholder and officer. The IRS filed three Proofs of Claim totalling $52,-936.30. Of this amount, approximately $40,000.00 represents trust fund taxes and approximately $10,000.00 represents non-trust fund taxes.[1] Over the IRS's objections, the bankruptcy court confirmed an Amended Plan containing the following contested provisions:

(a) Class 4: Commencing on September 1 1986, the Debtor shall pay $1,000.00 per month for four months, and thereafter shall pay $1,500.00 per month or more during at least ten (10) months out of every calendar year, until allowed Class 4 claimants have been paid in full, together with 10% interest (compounded daily) per year thereon from and after the Effective Date of the Plan. Class 4 claimants shall retain any liens they may have (except to the extent avoided by some competent authority) but shall not be entitled to enforce same unless the Debtor is in default for at least 30 days. Class 4 claimants shall not be entitled to seize or levy upon the shares of stock in Debtor owned by any responsible officer, nor to seize or levy upon the salary or wages of any responsible officer received from, or payable by, Debtor, to such officer, in payment for such taxes or for any penalty assessments related thereto unless the Debtor is in default for at least 30 days. For each dollar of taxes, interest and penalties paid, any corresponding penalty assessment shall be reduced by one dollar.

## III

## DISCUSSION

### A. Timeliness of Objections

■ The Panel first addresses the issue of the untimely filing by the IRS of its objections to the proposed Plan. As the IRS notes in its brief, the lower court considered the objections of the IRS even though they were untimely. This was a matter within the court's discretion since it

---

1. "Trust fund taxes" are those income and social security taxes that an employer is required to withhold from the wages and salaries paid to its employees. They are so named since they are directed to be held "in trust for the United States". 26 U.S.C. § 7501. In addition to imposing liability against the employer, Congress also imposed liability on any person responsible for the collection and payment of trust fund taxes who "willfully fails to collect, ... truthfully account for and pay over such tax...." 26 U.S.C. § 6672(a).

concerned a deadline set by the court and not an immutable period of time set by the Bankruptcy Code. The Panel therefore concludes that there was no abuse of discretion committed by the lower court in its consideration of the untimely filed objections.

### B. *Injunction in Confirmed Plan Protecting Officer*

With regard to the issue of whether the lower court erred in confirming the Plan to the extent that it prevents the IRS from seizing or levying upon Perra's wages from Debtor or shares in Debtor, the Panel concludes that the bankruptcy court committed error. The decisions on this issue are numerous and divergent. *See Cambridge Machined Products Corp. v. United States,* 58 B.R. 22, 24 (Bkrtcy.D.Mass.1985) (listing cases considering question of whether the Anti–Injunction Act bars bankruptcy courts from enjoining IRS from collecting taxes from a non-debtor principal). In this circuit, the rulings of the courts are again conflicting. *See In re Steel Products, Inc.,* 53 B.R. 999, 1002 (W.D.Wash. 1985) (since enjoinder of tax collection would work at cross-purposes to both the Anti–Injunction Act and § 6672, injunction against IRS from collecting trust fund taxes from officers of debtor improper); *In re Idaho Agriquipment, Inc.,* 54 B.R. 114, 115 (Bkrtcy.D.Idaho 1985) (Anti–Injunction Act bars attempt to enjoin IRS from collecting trust fund taxes from debtor's officer). *Contra In re Major Dynamics, Inc.,* 14 B.R. 969, 970 (Bkrtcy.S.D.Cal.1981) (complete scheme of Bankruptcy Act supersedes general policy of Anti–Injunction Act). Neither the Ninth Circuit Court of Appeals nor this Panel has ruled on this issue.

The vast majority of the cases holding that the Anti–Injunction Act, 26 U.S.C. § 7421(a), does not bar a bankruptcy court from enjoining the IRS from collecting trust fund taxes from officers of the Debtor rely on the Eighth Circuit case of *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975). However, the Eighth Circuit subsequently ruled in *A to Z Welding & Mfg. Co., Inc. v. United States,* 803 F.2d 932, 933 (8th Cir.1986) that *"Bostwick* is inapposite" when an attempt to prohibit the IRS from collecting a tax assessed against officers and shareholders in their personal capacity is in issue. The Court stated that in *Bostwick* the injunction "was against collection of taxes assessed against the *debtors* in bankruptcy". (emphasis original) 803 F.2d at 933.

The only other circuit court decision on this issue resulted in a conclusion that the IRS cannot be enjoined from collecting trust fund taxes from a bankrupt. *Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3rd Cir.1980) (Act case). As the Court expressed therein, Congress has not chosen to enact additional exceptions to the Anti–Injunction Act even though it had such an opportunity after it conferred on bankruptcy courts the power to "hear and determine … any question arising as to the amount or legality of any unpaid tax." 632 F.2d at 246 (citing 11 U.S.C. § 11(a)(2A), Pub.L. No. 89–496, § 1, 80 Stat. 270 (July 5, 1966)). The Court also noted that Congress did not consider whether bankruptcy courts may enjoin the collection of taxes although it empowered bankruptcy courts with the authority to "determine the amount or legality of any tax, any fine or penalty relating to a tax" under 11 U.S.C. § 505(a)(1). 632 F.2d at 246 n. 3.

It has been argued by some that the provisions of 11 U.S.C. § 105, enacted to expand the powers of bankruptcy judges, should prevail over the provisions of the Anti–Injunction Act and § 6672. In this circuit, such arguments are certainly in disfavor. *See In re Steel Products, Inc., supra,* 53 B.R. at 1002 (reversing bankruptcy court's ruling based on "statutory scheme governing bankruptcy that overrides the general policy reflected by the Anti–Injunction Act"); *In re Idaho Agriquipment, Inc., supra,* 54 B.R. at 115 (Section 105 not viewed as being sufficiently specific to override clear language of Anti–Injunction Act). This Panel is persuaded by the District Court opinion in *In re Steel Products, Inc., supra,* wherein the court weighed the policies of the Anti-Injunction

Act and § 6672 with the policy of the Bankruptcy Code to rehabilitate the debtor. The District Court concluded by stating that the "two specific provisions enhancing the Government's collection efforts should be enforced against the broad, generally stated purpose of the Bankruptcy Act." 53 B.R. at 1002. The Washington court also based its opinion on the principle that "Where policy pronouncements are concerned, as distinguished from differences in interpretations of language, congressional action rather than judicial decision is more appropriate." *Id; see also Matter of Campbell Enterprises, Inc.,* 66 B.R. 200, 209 (Bkrtcy.D.N.J.1986) (refusing to create a special bankruptcy exception to right of IRS to collect penalty assessment where debtor sued to prevent IRS from collecting tax penalty from officers). The Panel also takes cognizance of the rule that the Bankruptcy Code generally protects only the debtor, not persons or entities related to or connected with the debtor. *See In re Arrow Huss, Inc.,* 51 B.R. 853, 856 (Bkrtcy.D. Utah 1985); *In re Eagles,* 36 B.R. 97, 98 (9th Cir. BAP 1984). *See also Underhill v. Royal,* 769 F.2d 1426, 1432 (9th Cir.1985) (bankruptcy court without power to discharge liabilities of nondebtor pursuant to consent of creditors as part of plan); *In re Casgul of Nevada, Inc.,* 22 B.R. 65, 66 (9th Cir. BAP 1982) (automatic stay section protects only debtor, not debtor's officers or their property).

Debtor places much reliance on the argument that those cases cited by the IRS involve situations where a suit for injunctive or declaratory relief was filed while, in this case, the Plan itself enjoins the IRS from undertaking its debt collection efforts against Debtor's officer. However, Debtor will not be permitted to do indirectly what it cannot by law accomplish directly. *See Matter of Campbell Enterprises, Inc., supra,* 66 B.R. at 209 (refusing to allow debtor to obtain declaratory relief stating that so long as Plan proposed by debtor provides for full payment of taxes, IRS has no right to attempt to collect penalty against officer of debtor, after court had denied debtor injunctive relief). Allowing a debtor to avoid or forestall the tax liabilities of its officers by use of a Plan would violate the policy of the Anti–Injunction Act as readily as allowing the debtor to avoid such liability by filing a suit for injunctive relief.

## C. *The Application of Payments under the Plan*

The second order appealed from concerns the application of payments under the Plan. The Amended Plan approved by the Bankruptcy Court provided that "[f]or each dollar of taxes, interest and penalties paid, any corresponding penalty assessment shall be reduced by one dollar." The Panel is of the opinion that this matter is controlled by *In re Technical Knockout Graphics, Inc.,* 833 F.2d 797 (9th Cir.1987). In that case, the Ninth Circuit concluded that payments of tax after the filing of a Chapter 11 petition but before the filing of a Plan are involuntary. 833 F.2d at 802. As such, the Court stated that the IRS was entitled to apply the debtor's payments during debtor's reorganization as the IRS saw fit. 833 F.2d at 803.

Debtor argues that the Circuit Court's opinion is distinguishable in that it involved payments made by the debtor prior to confirmation of the Plan while the Plan has already been confirmed in this case. This factual difference does not lead the Panel to abandon the Ninth Circuit's opinion as not binding. In making its ruling, the Circuit Court relied on cases holding that payments on prepetition tax liabilities by a Chapter 11 debtor are involuntary. 833 F.2d at 802. *See In re Ribs–R–Us,* 828 F.2d 199 (3rd Cir.1987); *In re Frost,* 47 B.R. 961 (D.Kan.1985)).

## IV

## CONCLUSION

For these reasons, the Bankruptcy Court's approval of the Amended Plan with respect to those provisions quoted above is REVERSED and we REMAND to the bankruptcy court for further proceedings in accord with this decision.