972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome L. DOFF, Defendant-Appellant.
 No. 89-55324.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 3, 1992.
As Amended on Denial of Rehearing
Sept. 4, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1960 and 1961, the United States disallowed some of Jerome Doff's tax deductions. The United States subsequently sought payment of those taxes plus interest and penalties. In 1978, the tax court entered a decision pursuant to a written stipulation between Doff and the government. He then paid approximately $109,000 in taxes, but nothing in interest. In 1984, the government filed a complaint against Doff to reduce his tax assessments to judgment under 26 U.S.C. § 7401. The government alleged that he still owed $216,411.37 in interest.
 
 
 3
 Because the government failed to effect service until 1988, Doff moved initially to dismiss the suit for insufficiency of service of process. Under Fed.R.Civ.P. 4(j), an action must be dismissed if service is not effected within 120 days of filing the complaint unless the party required to effect service can show good cause. Although nearly 4 years passed between the time that the complaint was filed and served, the district court found good cause for the government's delay, and denied Doff's motion to dismiss.
 
 
 4
 Doff raised two major affirmative defenses in his answer. He argued that the government was estopped from taxing him because the stipulated judgment waived his interest liability. He also contended that the government was estopped from litigating any claims against him by a settlement agreement in his bankruptcy suit that barred all creditors, including the government, from suing him.
 
 
 5
 The district court rejected both arguments and granted summary judgment for the United States. Doff appeals that judgment and the denial of his motion to dismiss.
 
 
 6
 * A. Stipulated Tax Court Judgment
 
 
 7
 "The Government is not immune from equitable estoppel." United States v. Ruby, 588 F.2d 697, 702-03 (9th Cir.1978). To prove estoppel, an appellant must show that a party "made a knowing false representation or concealment of material facts to a party ignorant of the facts, with the intention that the other party should rely on it, where the other party actually and detrimentally relies on it." Mukherjee v. INS, 793 F.2d 1006, 1008 (9th Cir.1986). Yet "the Government may not be estopped on the same terms as any other litigant." Heckler v. Community Health Services of Crawford County, Inc. 467 U.S. 51, 60 (1984). To estop the government, a party must prove the traditional elements of estoppel plus affirmative misconduct. Jaa v. INS, 779 F.2d 569, 572 (9th Cir.1986).
 
 
 8
 Doff fails to establish a genuine issue of material fact as to two essential elements of estoppel. Although he claims to have relied on an agreement waiving his interest liability, he is unable to produce any agreement or any evidence of the substance of that agreement, nor can he show that his reliance was reasonable.
 
 
 9
 Doff argues that the district court erred in granting summary judgment because the substance of his agreement with the United States regarding his tax liability is disputed. He offers as evidence a personal affidavit, his attorney's affidavit, and the 1978 tax court decision. Yet all three fail to establish a genuine issue of material fact sufficient to preclude summary judgment.
 
 
 10
 Doff's personal affidavit says merely that he was "led to believe by the Internal Revenue Service that [the stipulation] was a total settlement and that the Government would not and could not pursue interest or penalties which may have accrued prior to the date of settlement." The affidavit refers to his attorney's affidavit regarding the details of the negotiation.
 
 
 11
 The attorney's affidavit similarly fails to shed any light on the substance of the stipulation. He says he believed Doff would not owe any interest based on a telephone conversation with the government's attorney. He also refers to his written notes from that telephone conversation. Finally, he describes his interpretation of the stipulation:
 
 
 12
 This stipulated judgment contained the amounts agreed upon, in addition to language whereby Mr. Doff waived restrictions as to assessment of interest during the period between the execution of the stipulation and the finality of the decision of the tax court. This provision suggested to me that the stipulated judgment comported with my understanding of our negotiated settlement ...
 
 
 13
 The tax court decision notes that the court received a decision document signed by Doff's attorney and the IRS commissioner as a stipulation. Unfortunately, the decision is silent as to the substance of that agreement.
 
 
 14
 "Persons dealing with the government are charged with knowing government statutes and regulations." Mukherjee, 793 F.2d at 1009 (quoting Lavin v. Marsh, 644 F.2d 1378, 1383 (9th Cir.1981)). All compromise agreements that discharge tax liability must conform with procedures established in 26 U.S.C. § 7122. Compromise agreements must be in writing. Treas.Reg. § 301.7122-1(d)(3) (1991). Informal agreements are not binding under the tax laws. Shumaker v. Commissioner, 648 F.2d 1198, 1200 (9th Cir.1981). Doff's reliance is not reasonable for two reasons. First, he believes that his interest liability had been waived based on his attorney's telephone conversations. Second, his attorney believes that his client's interest liability had been waived based on an overly broad reading of a provision that waived liability for interest assessed between the execution of the stipulation and the finality of the tax court's decision. Reliance of this sort would not give rise to an estoppel claim against either a private party or the government. Heckler, 467 U.S. at 65-66.
 
 
 15
 Doff also fails to show affirmative misconduct by the government. "An affirmative misrepresentation or affirmative concealment of a material fact" is necessary to prove affirmative misconduct. Ruby, 588 F.2d at 703-04. Negligence does not rise to the level of misconduct required for estoppel. Mukherjee, 793 F.2d at 1009. Because Doff does not present any evidence suggesting negligence, much less misrepresentation or concealment by the government, we find no affirmative misconduct.
 
 
 16
 B. Settlement Agreement in Doff's Bankruptcy Case
 
 
 17
 Doff also contended that the United States was barred from suing him because a settlement agreement in his bankruptcy case enjoined all creditors from pursuing claims. Yet 26 U.S.C. § 7421(a) prohibits use of a lawsuit to restrain collection or assessment of tax. In re Condel, 91 B.R. 79, 82 (Bankr. 9th Cir.1988). He counters that the United States is bound by the bankruptcy settlement agreement because the government "opted-in" by using the addresses in the agreement to serve him. We are not persuaded. The government had made every reasonable attempt to effect service and lacked any other alternative.
 
 II
 
 18
 Doff also appeals the district court's order denying his motion to dismiss pursuant to Fed.R.Civ.P. 4(j). Rule 4(j) requires a district court to dismiss a complaint if service is not made within 120 days of filing the complaint. The deadline is intended to prevent "inadvertent or needless non-service." Shuster v. Conley, 107 F.R.D. 755, 757 (W.D.Pa.1985). Where a party has made reasonable efforts to effect service and establishes good cause for failing to meet the deadline, the court may grant an extension. United States v. Kenner General Contractor, Inc., 764 F.2d 707, 711 (9th Cir.1985).
 
 
 19
 An obvious example of good cause is a defendant's evasion of service. Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir.1985). As noted in the district court's order, the evidence indicates that Doff was "an exceedingly difficult person to track down." Even his own lawyers had no way to contact him. The evidence supports the district court's finding that the United States exercised reasonable diligence in its efforts to locate Doff. Although the United States was unable to serve Doff for nearly four years, its efforts to find him were reasonable.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3