Rodrigo Duyag LEANO, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 71-2211.

United States Court of Appeals,
Ninth Circuit.

May 4, 1972.

Frederick A. Nervo, San Francisco, Cal., for petitioner.

James L. Browning, Jr., U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., Richard L. Williams, Dist. Dir., INS, Stephen Suffin, San Francisco, Cal., Joseph Surreck, Regional Counsel, INS, San Pedro, Cal., Will Wilson, Asst. Atty. Gen., Washington, D. C., for respondent.

Before JERTBERG and ELY, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

The petitioner entered this country from the Philippine Islands. His father was then a resident of the United States and became a naturalized citizen thereof. Under Section 245 of the Immigration and Nationality Act (hereinafter cited as the Act) (8 U.S.C. § 1255), Leano applied to have his status adjusted to that of an alien admitted for permanent residence and, at the same time, his father applied for an adjustment of his son's status under section 203 (a) (4) of the Act (8 U.S.C. § 1153 (a) (4)). In order to process the applications, the Immigration Service directed an inquiry to the American Consul in the Philippines. For some unexplained reason, the Consul ignored subsequent requests for information concerning the petitioner and delayed a response to the original inquiry made by the Service for over eleven months. Eventually, and before receiving information from the Consulate in the Philippines, the Service granted the petitioner's application for a fourth preference visa. Almost immediately thereafter, the petitioner's father died, whereupon the Service ordered that the petitioner be deported. The Service took the position that the death of the petitioner's father foreclosed it from the exercise of the ordinary discretion allowed under section 245 of the Act.

In the unusual circumstances of this case, we have concluded that the strict position taken by the Service was not required. Once the fourth preference visa had been granted to the alien, we think that the Service should with propriety,

---

* Honorable William J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

have exercised the discretionary power conferred by section 245 of the Act. *See also* section 205 of the Act (8 U.S.C. § 1155). So that such discretion may be exercised, the cause is remanded to the Immigration and Naturalization Service.

So ordered.