19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ba Lun TAN; Ha Li Tan; Mei Li Tan, Plaintiffs-Appellants,
v.
Philip L. WATERS,** Acting District Director,
INS; United States Department of Justice,
Defendants-Appellees.
 No. 92-16731.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1994.*
Decided March 18, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Ba Lun Tan, Ha Li Tan, and Mei Li Tan appeal the district court's grant of summary judgment in favor of defendants Philip L. Waters, Acting District Director of the Immigration and Naturalization Service (INS), and the Department of Justice. The Tans are the beneficiaries of alien relative petitions for fourth preference visas filed by their mother, a naturalized U.S. citizen. After the Tans' mother died, the INS revoked its earlier approval of the visa petitions under Sec. 205 of the Immigration and Nationality Act, 8 U.S.C. Sec. 1155. The District Director then denied the Tans' request to reinstate approval on humanitarian grounds. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * We review the district court's grant of summary judgment de novo. National Ctr. for Immigrants' Rights, Inc. v. INS, 913 F.2d 1350, 1353 (9th Cir.1990), rev'd on other grounds, 112 S.Ct. 551 (1991). The INS' decision to revoke an approved visa petition may be set aside if it is "arbitrary, capricious, or an abuse of discretion." Tongatapu Woodcraft Haw., Ltd. v. Feldman, 736 F.2d 1305, 1308 (9th Cir.1984). "[T]he determination made by the INS must be upheld if it is supported by substantial evidence." Id. at 1310.
 
 
 4
 Section 205 permits the INS to revoke approval of a visa petition for "good and sufficient cause." 8 U.S.C. Sec. 1155. Under the regulations, a relative petition is automatically revoked upon the death of the petitioner. 8 C.F.R. Sec. 205.1(a)(2). The District Director retains discretion, however, to reinstate approval of the petition for humanitarian reasons. Id. Sec. 205.1(a)(3).
 
 
 5
 The Tans argue that given the "unusual circumstances" of this case, the District Director abused his discretion in refusing to reapprove their petitions under Sec. 205.1(a)(3). In particular, they point to the American Consulate's failure to use its expedited "frog request" procedure to obtain their visa numbers even though the Consulate knew the Tans' mother had one month to live.
 
 
 6
 The Tans rely on Leano v. INS, 460 F.2d 1260 (9th Cir.1972) (per curiam), and several other cases holding that the petitioner's death did not constitute good and sufficient cause for revoking an approved visa petition. Each of these cases involved either lengthy delay by the American Consulate or affirmative misconduct by the INS. Neither of these factors is present here. While it is true that the Tans' mother requested expedited processing in light of her impending death, we cannot say the Consulate unreasonably delayed the issuance of their visas. Indeed, the Tans did not complete all the necessary documents until one month after the Consulate sent them. Even if the Consulate had sent a "frog request" for the Tans' visa numbers, it is questionable whether the remaining steps of the visa process could have been completed in the 24 days before their mother died.
 
 
 7
 The Tans also claim that two humanitarian grounds warrant discretionary relief under Sec. 205.1(a)(3): their separation from three sisters who live in the United States; and their inability to find employment in China after leaving their jobs in anticipation of immigrating to this country. The District Director gave due consideration to each of these factors. While recognizing the congressional policy favoring family reunification, he properly noted that the case for reunification is less compelling where, as here, the siblings are all adults with their own families who have lived apart for many years. He further noted that one of the Tans' sisters can file new relative petitions on their behalf. Although this will undoubtedly delay their immigration, the Tans have not demonstrated why they should be given priority over other siblings of U.S. citizens.
 
 
 8
 As for the Tans' claim that they have been unable to find employment in China, we agree with the District Director that it was unreasonable for them to give up their jobs before their visas were issued. This court emphasized in Tongatapu that "a visa petition is not the same thing as a visa. An approved visa petition is merely a preliminary step in the visa application process. It does not guarantee that a visa will be issued...." 736 F.2d at 1308 (citation omitted).
 
 
 9
 In short, we cannot say that the District Director abused his discretion in refusing to reapprove the Tans' visa petitions.
 
 II
 
 10
 The Tans next argue that the District Director should be equitably estopped from revoking approval of their visa petitions. We disagree. Estoppel requires "a knowing false representation or concealment of material facts to a party ignorant of the facts, with the intention that the other party should rely on it, where the other party actually and detrimentally relies on it." Mukherjee v. INS, 793 F.2d 1006, 1008 (9th Cir.1986). To assert estoppel against the federal government, two additional requirements must be met: (1) the government's action must amount to affirmative misconduct going beyond mere negligence; and (2) a serious injustice must result if estoppel is not applied. Id. The Tans simply cannot show all of the required elements. In particular, the government did not make a knowing false representation or concealment with the intention that the Tans rely on it. Nor is there any evidence of affirmative misconduct beyond mere negligence. The Tans' estoppel claim must therefore fail.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Philip L. Waters, Acting District Director, has been substituted for David N. Ilchert, former District Director of the United States Immigration and Naturalization Service
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3