Dipankar **MUKHERJEE,**
**Plaintiff-Appellee/Cross-Appellant,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE,**
**Defendant-Appellant/Cross-Appellee.**

**Nos. 85–3723, 85–3761.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1986.

Decided April 21, 1986.

Designated for Publication July 3, 1986.

Paul R. Hribernick, Gerald H. Robinson, Portland, Or., for plaintiff-appellee/cross-appellant.

Alfred Mullin, Barbara L. Herwig, Richard A. Olderman, Dept. of Justice, Washington, D.C., for defendant-appellant/cross-appellee.

Before FLETCHER, ALARCON and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge.

The INS appeals from the district court's grant of summary judgment to appellee Dipankar Mukherjee. The INS asserts that the district court erred in holding that the INS is estopped from subjecting Mukherjee to the two-year foreign residence requirement of 8 U.S.C. § 1182(e). Mukherjee cross-appeals the district court's failure to find that the INS abused its discretion in denying Mukherjee a waiver of the two-year requirement and the district court's failure to grant Mukherjee perma-nent resident status. We reverse the grant of summary judgment based on estoppel and affirm the denial of a grant of permanent residence. We remand to the district court for its determination of whether the INS's denial of a waiver of the two-year requirement was arbitrary, capricious, or an abuse of discretion, and for a statement of its reasons for that determination.

## FACTS AND PROCEDURAL HISTORY

The facts are essentially undisputed. Mukherjee is a native and citizen of India. On May 12, 1976, Mukherjee filed a third preference immigrant visa petition at the U.S. embassy in New Delhi, India, seeking to become a lawful permanent resident of the United States on the basis of his pro-fession. The petition was approved and sent to the U.S. embassy in New Delhi, which mailed it to Mukherjee on December 22, 1976. Mukherjee left for New Zealand on December 24, 1976, without knowing that his petition had been approved.

While in New Zealand, Mukherjee con-tacted the American Consul General there and asked about his visa petition. After checking, the vice consul told him that there was no record of the petition. On the advice of the vice consul, Mukjerhee then sought and obtained a "J–1" nonimmigrant exchange visitor visa under 8 U.S.C. § 1101(a)(15)(j). The document approving the J–1 visa, signed by the vice consul, has a box checked indicating that Mukherjee was not subject to the two-year residence requirement of 8 U.S.C. § 1182(e). Muk-herjee stated in an affidavit: "Mr. Craven [the Vice Consul] made it very clear that I would not be subject to the two-year for-eign residency requirement if I entered the United States as an exchange visitor."

Mukherjee and his wife entered the Unit-ed States on July 10, 1977 under the J–1 visa. The INS subsequently granted Muk-herjee five one-year extensions of the J–1 visa, each time informing him that he *was* subject to the two-year residence require-ment. In the meantime, Mukherjee learned of the approval of his original third prefer-

ence visa and sought an adjustment of status based on that visa. The INS declined to adjust the couple's status on the ground that they were subject to the two-year requirement because they had entered this country under the J–1 visa.

In 1982, Mukherjee applied for a waiver of the two-year foreign residence requirement. The INS District Director denied the waiver application, and the Regional Commissioner dismissed Mukherjee's appeal from the denial and denied a motion to reopen and reconsider. Mukherjee then filed this action in district court, seeking (1) a declaration that the INS was estopped from enforcing the two-year requirement against him, (2) a declaration that the INS abused its discretion in denying his request for waiver of the two-year requirement, and (3) an injunction granting him permanent residence.

Mukherjee and the INS both moved for summary judgment, and the district court denied the INS's motion and granted Mukherjee's, holding that the INS was estopped from enforcing the two-year requirement. The district court explicitly declined to reach Mukherjee's claim that denial of the waiver was an abuse of discretion. The district court also declined to grant Mukherjee permanent residence. We have jurisdiction under 28 U.S.C. § 1291 (1982).

## STANDARD OF REVIEW

Grant or denial of summary judgment is reviewed *de novo* by this court. Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983).

## STATUTORY BACKGROUND

Mukherjee originally applied for and was approved an immigrant visa under 8 U.S.C. § 1153(a)(3), which provides a third-priority preference for immigrant applicants who are members of the "professions." Upon

being incorrectly told that his first petition was lost, Mukherjee applied for and was approved a nonimmigrant visa under 8 U.S.C. § 1101(a)(15)(J), which describes nonimmigrants coming to the United States for educational purposes. Aliens entering under such J–1 visas are normally subject to the Health Professions Educational Assistance Act of 1976 (Act), which imposes restrictions on the subsequent immigration to the United States of foreign physicians who have trained in this country. Specifically, the Act provides that an individual who comes to the United States to receive graduate medical education or training is not eligible to apply for an immigrant or nonimmigrant visa or for permanent residence

> until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States.... 8 U.S.C. § 1182(e) (herein called "the two-year requirement").

## I.

## EQUITABLE ESTOPPEL

A. *Standard*

In this circuit, estoppel traditionally is available against a nongovernmental party who has made a knowing false representation or concealment of material facts to a party ignorant of the facts, with the intention that the other party should rely on it, where the other party actually and detrimentally relies on it. *See Jaa v. INS,* 779 F.2d 569, 571 (9th Cir.1986). A party asserting estoppel against the federal government bears additional burdens. First, "estoppel against the government must rest on affirmative misconduct going beyond mere negligence." *Morgan v. Heckler,* 779 F.2d 544, 545 (9th Cir.1985); *see Jaa,* 779 F.2d at 572.[1] "Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and

---

1. The district court apparently equated "affirmative misconduct" with "error," relying on *Akba-* *rin v. INS,* 669 F.2d 839, 843 (1st Cir.1982). That is not the standard in this circuit.

the public's interest will not suffer undue damage by imposition of the liability."[2] *Morgan,* 779 F.2d at 545; *see Jaa,* 779 F.2d at 572.

### B. *Affirmative Misconduct*

■ The INS claims that Mukherjee cannot claim estoppel against the government because the government's actions do not constitute affirmative misconduct. Mukherjee claims, and the district court found, that the vice consul's assurance to Mukherjee that he was not subject to the two-year requirement and the same indication on the application approval constitute affirmative misconduct.

The appropriateness of estoppel turns on the facts of the individual case, *Lavin v. Marsh,* 644 F.2d 1378, 1382 n. 6 (9th Cir. 1981); *see also United States v. Wharton,* 514 F.2d 406, 411 (9th Cir.1975). Under our *de novo* standard of review, we conclude that as a matter of law the government's actions in this case fall short of the affirmative misconduct necessary for estoppel. Nothing in the present case indicates a deliberate lie by the vice consul or a pattern of false promises. The vice consul here apparently mistakenly believed that Mukherjee was exempt from the two-year requirement, told him so, and indicated this on the application form.[3] This would undoubtedly constitute negligence, but it does not reach the level of misconduct required for estoppel under Supreme Court and Ninth Circuit law. "Persons dealing with the government are charged with knowing government statutes and regulations, and they assume the risk that government agents may exceed their authority and provide misinformation." *Lavin,* 644 F.2d at 1383.[4]

Mukherjee claims support for estoppel from *Corniel-Rodriguez v. INS,* 532 F.2d 301 (2d Cir.1976), and *Tejeda v. INS,* 346 F.2d 389 (9th Cir.1965). In light of later Supreme Court and Ninth Circuit authority, these cases do not support a finding of estoppel on the facts of this case.

In summary, we find that the INS is not estopped from enforcing the two-year requirement against Mukherjee.[5] Although he may have been disserved by the INS, a review of the INS's exercise of discretion in denying a waiver of the two-year requirement is a more appropriate approach to remedying that disservice in this case than estopping the INS from enforcing the literal terms of a federal statute.

## II.

### ABUSE OF DISCRETION

■ Mukherjee claims on his cross-appeal that the INS's failure to waive the two-year requirement for him was arbitrary, capricious, and an abuse of discretion. He invites this court to make such a finding.

We do not reach the merits of this question. Because the district court concluded

---

**2.** The Supreme Court has specifically left open the question of whether estoppel can *ever* run against the government. *Heckler v. Community Health Services of Crawford,* 467 U.S. 51, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984).

**3.** Mukherjee also argues that the vice consul told him to falsely indicate on the application that he had never applied for admission to the United States before. This fact is disputed by the INS, but even if it is true, it is not relevant here. Such action cannot constitute affirmative misconduct estopping enforcement of the two-year requirement because it is totally unrelated to that requirement and to Mukherjee's belief that the requirement did not apply to him.

**4.** The decisions of both the Supreme Court and this circuit have denied estoppel in circumstances both similar to and more egregious than those present here. *E.g., Schwieker v. Hansen,* 450 U.S. 785, 788–90, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981); *Montana v. Kennedy,* 366 U.S. 308, 314–15, 81 S.Ct. 1336, 1340–41, 6 L.Ed.2d 313 (1961); *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 383–84, 68 S.Ct. 1, 2–3, 92 L.Ed. 10 (1947); *Lavin v. Marsh,* 644 F.2d 1378, 1383–84 (9th Cir.1981); *Santiago v. INS,* 526 F.2d 488, 491–93 (9th Cir.1975) (en banc), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976).

**5.** Because we hold that Mukherjee has not met the "affirmative misconduct" requirement for estoppel of the government, we need not decide whether he met the other requirements for estoppel, such as detrimental reliance.

that the INS was estopped from enforcing the two-year requirement against Mukherjee, the court explicitly found that it did not need to reach the issue of the INS's denial of waiver. Because we find that the INS is *not* estopped from enforcing the two-year requirement, we remand to the district court to determine the issue of waiver in the first instance, as contemplated by 8 U.S.C. § 1329 (1982). Based on the posture of the district court's determination (granting summary judgment on only one of two proposed grounds), there may be genuine issues of material fact on the remaining question of waiver. *Cf. Alioto v. United States*, 593 F.Supp. 1402, 1413 (N.D.Cal. 1984) (cross motions for summary judgment do not necessarily mean there are no genuine issues of material fact). The possibility of such an issue of fact makes decision in this court inappropriate.

### III.

### GRANT OF PERMANENT RESIDENCE

 Mukherjee also argues in effect that the district court should have granted him permanent residence rather than subjecting him to the discretion of the INS again. Mukherjee claims that in the interests of justice he should not be subjected again to the "poisoned bureaucratic atmosphere" of the INS. Mukherjee cites no authority for this court's power to grant him permanent residence, relying on our general power to shape equitable relief.

The district court was correct in denying this relief. Mukherjee must still prove that he meets the legal requirements for permanent resident status, a determination that must be made by the INS in the first instance. *See, e.g., Sun Il Yoo v. INS*, 534 F.2d 1325, 1329 (9th Cir.1976), *Villena v. INS*, 622 F.2d 1352, 1361 (9th Cir.1980) (en banc).

### CONCLUSION

The grant of summary judgment based on estoppel is REVERSED. The denial of a grant of permanent residence is AFFIRMED. The case is REMANDED to the

district court for its determination of whether the INS's denial of a waiver of the two-year requirement was arbitrary, capricious, or an abuse of discretion and for a statement of its reasons for that determination.

The parties shall bear their own costs on appeal.