942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy KING, Defendant-Appellant.
 No. 90-50607.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 26, 1991.*
Decided Aug. 22, 1991.
 
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Timothy Lee King (King) appeals his conviction and sentence, following a guilty plea, for possession of cocaine base with intent to distribute. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On May 18, 1989, King was indicted for conspiracy to possess cocaine base with intent to distribute, possession of cocaine base with intent to distribute, and distribution of cocaine base. King pleaded guilty to possession of cocaine base with intent to distribute, pursuant to a plea agreement which provided that he would be released on bond in order to assist the government in its investigation and prosecution of three suspected drug traffickers. The agreement also provided that the government would dismiss the other charges against King and would recommend a downward departure in sentencing. The degree of departure would be based on the extent of King's assistance. The agreement also stipulated that King was not to possess any dangerous weapons or firearms, and that the government could cancel the agreement if King violated any of its terms.
 
 
 4
 In February of 1990, King was arrested after a urine test revealed the presence of codeine in his system. The arresting agent searched King's car and discovered a gun. At the subsequent bail revocation hearing, King presented testimony indicating that his supervising agent had been aware that King was carrying a gun for protection and had tacitly approved of it. The judge did not make a finding of fact on this issue, because it was irrelevant to the question of whether King had carried a gun.[1] King's bail was revoked on February 22, 1990.
 
 
 5
 Prior to sentencing, King moved to have his attorney, Michael McCabe, dismissed. He also moved to withdraw his guilty plea, claiming that he had not entered the plea intelligently or voluntarily due to untrustworthy advice from counsel. The district court granted King's motion to dismiss McCabe but denied the motion to withdraw the guilty plea.
 
 
 6
 At sentencing, the government recommended a downward departure from the guideline range of 188 to 235 months, in return for the assistance given by King prior to his re-arrest. The district court accepted this recommendation and sentenced King to 168 months in prison. King appeals, arguing primarily that his supervising agent knew and tacitly approved of his carrying a gun for protection, and that the government breached the plea agreement by arresting him after this tacit approval.
 
 II.
 DISCUSSION
 
 7
 King argues that, because the government prevented him from carrying out his part of the plea agreement, he is entitled either to the benefit of his bargain or to the withdrawal of his guilty plea. At the heart of King's argument is the contention that the government should be estopped from claiming that he violated the plea agreement because it had condoned his possession of a firearm.
 
 
 8
 We decline to reach the merits of this claim. King raises it for the first time on appeal. Ordinarily, "a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). Although we have discretion to hear an issue not raised below, we should not exercise that discretion unless the question presented is a purely legal one and the record relating to it has been fully developed prior to appeal. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991); Quinn v. Robinson, 783 F.2d 776, 814 (9th Cir.), cert. denied, 479 U.S. 882 (1986).
 
 
 9
 Without passing on the issue of whether King's estoppel contention presents a legal or factual question, we are convinced that the factual record on this contention has not been sufficiently developed for appellate review. To be so developed, the record must establish exactly what the government represented to King in regard to the possession of firearms under the plea agreement. The record in this case fails to make such a showing. It is true, of course, that the issue of possible government assent to King's possession of a gun was commented upon at King's bail revocation hearing. The focus of that hearing, however, was on whether King possessed a weapon and whether he constituted a threat to the community. The minimal discussions of a law enforcement official's possible tacit assent to King's possession of a weapon were irrelevant to the issues raised in this hearing.[2] The trial judge, in fact, explicitly refrained from making a finding of fact on the matter.
 
 
 10
 The lack of a complete record is particularly damaging given the nature of King's claim that the government prevented him from carrying out his plea agreement. Claims of estoppel and breach of plea agreement generally require analysis of the facts and circumstances of the particular case. See Mukherjee v. I.N.S., 793 F.2d 1006, 1009 (9th Cir.1986); see also United States v. Flores-Payon, No. 90-50081, slip op. at 10,991 (9th Cir. Aug. 12, 1991) (breach of plea agreement is a fact-specific claim, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule).
 
 
 11
 Given the foregoing, we conclude that the record on this issue is insufficient for the purposes of appellate review. We therefore decline to reach the merits of King's claim, and dismiss his appeal. See Flores-Payon, slip op. at 10,991 (appellate court dismissed claims pertaining to the breach of a plea agreement that had not been presented below); see also Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450, 827 F.2d 1324, 1329 (9th Cir.1987) (appellate court dismissed equitable claims of estoppel and laches where factual record had not been properly developed at trial).
 
 
 12
 APPEAL DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 King was also prepared to argue that the irregular urinalysis was caused by his use of a prescription cough medicine. However, the district court indicated that it was only concerned with King's possession of a gun
 
 
 [2]
 At the hearing, the judge said:
 [W]hether [the supervising agent] explicitly, which I'm confident he would not do, or implicitly authorize [sic] Mr. King to have the weapon is really irrelevant, he has no authority to do that.
 I don't think there's anybody in this room, including myself, who would have the authority to authorize [King] to be in possession of a loaded firearm.
 Transcript of Bail Revocation Hearing at 30-31.