46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Godwin Kendricks OKOLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70621.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1994.
Decided Jan. 10, 1995.
 
 Before: FLETCHER, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Godwin Kendricks Okolo seeks review of the Board of Immigration Appeals (BIA) dismissal of his appeal of a deportation order. Okolo contends that the Immigration and Naturalization Service (INS) should be estopped from deporting him because of its delay in processing his visa application; that the immigration judge should have waived deportation on a drug conviction; and that the immigration judge improperly denied him a change of venue, resulting in denial of his right to counsel. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we affirm.
 
 BACKGROUND
 
 3
 Okolo, a Nigerian citizen who arrived in the United States in 1978 on a student visa, married an American in 1981. He and his wife had a child in 1981. The following year, Okolo traveled to Nigeria for two months, and then moved to Los Angeles from Houston.
 
 
 4
 His application for a visa as the spouse of a citizen was denied in 1984 for failure to prosecute. Okolo appeared pro se at his 1988 deportation hearing, held in El Centro, Ca. He claimed that his attorney was in Houston, and said he wanted a change of venue but could not post bond. The immigration judge granted a three-month continuance to enable Okolo to find a local attorney. At Okolo's next hearing on August 11, 1988, Okolo again appeared pro se but said that he was prepared to proceed.
 
 
 5
 The immigration judge ordered him deported for having reentered the country in 1982 without a valid visa, in violation of Section 241(a)(1) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. Sec. 1251(a)(1), and for having been convicted of possession of a controlled substance, under Section 241(a)(11) of the INA, codified at 8 U.S.C. Sec. 1251(a)(11). The BIA dismissed his estoppel claim on jurisdictional grounds and affirmed the deportation order. Despite the dismissal, the BIA addressed the merits of the estoppel claim. Okolo seeks review by this court.
 
 DISCUSSION
 
 6
 Okolo argues that the INS should be estopped from deporting him because of the agency's four-year delay in acting on his visa application. We agree that the BIA erred when it dismissed Okolo's estoppel claim on jurisdictional grounds; estoppel claims against the INS may be considered on appeal of a deportation order. See, e.g., INS v. Miranda, 459 U.S. 14, 18-19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (INS not estopped from deporting alien whose visa application as spouse of citizen not acted on for eighteen months).
 
 
 7
 However, on the merits, we conclude that Okolo has not met the stringent standard for applying estoppel against the government because he has failed to demonstrate "affirmative misconduct" on the part of the INS. Mukherjee v. INS, 793 F.2d 1006 (9th Cir.1986). In Miranda, the Supreme Court held that the INS's 18-month delay in acting on a visa application was not affirmative misconduct. The Court stated, "The only indication of negligence is the length of time that the INS took to process respondent's application. Although the time was indeed long, we cannot say in the absence of evidence to the contrary that the delay was unwarranted." Id. at 18. See also Ullyses-Salazar, 28 F.3d at 937 (INS's three-year delay in amending form advising alien of penalties for illegal reentry troubling, but not affirmative misconduct); Jaa v. INS, 779 F.2d 569, 572-73 (9th Cir.1986) (INS not estopped from deporting alien by 58-month delay in acting upon visa application, when no evidence delay deliberate).
 
 
 8
 Okolo has not demonstrated that the delay in action of his visa application was deliberate. He asserts, without any supporting evidence, that the INS district office in Houston, which initiated his deportation proceedings, discriminated against Nigerians. The INS responds that Okolo's 1982 journey abroad, as well as his move to California, contributed to the delay. While this explanation is not totally satisfactory, Okolo has not made the required showing of affirmative misconduct.
 
 
 9
 Because we hold that Okolo is deportable for reentering without a valid visa, we need not consider his claim that the immigration judge should have waived deportability for the drug possession conviction.
 
 
 10
 Okolo also argues that the immigration judge should have granted a change of venue to Houston, where Okolo's attorney was located. It is within the sound discretion of the immigration judge to grant a change of venue upon a showing of good cause. 8 U.S.C. Sec. 3.19(b); Maldonado-Perez v. INS, 865 F.2d 328, 335 (D.C.Cir.1989).
 
 
 11
 The immigration judge did not abuse his discretion. He granted Okolo a three-month continuance to find a local attorney. Okolo has not shown that no local attorney was available to him. In addition, Okolo waived any right to be represented by his Houston attorney when he agreed to proceed pro se at his August 1988 deportation hearing.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3