50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose MAYORGA-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70826.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1995.*
Decided March 23, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Mayorga-Perez appeals a decision of the Board of Immigration Appeals ("BIA") that he is statutorily ineligible for discretionary relief from deportation under section 212(c), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny Mayorga-Perez' petition for review.
 
 
 3
 * Mayorga-Perez first argues that he is statutorily eligible for relief under section 212(c) because he entered the United States more than seven years before his deportation hearing. Section 212(c) provides discretionary relief from deportation to permanent resident aliens who have been lawfully domiciled in the United States for seven consecutive years. 8 U.S.C. Sec. 1182(c); Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981). Seven years of lawful unrelinquished domicile must be accumulated after an alien is admitted for permanent residence. Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979). Although he first entered the United States in 1975, Mayorga-Perez did not obtain permanent resident status until June 25, 1983. Thus, at the time of his deportation hearing on January 18, 1989, Mayorga-Perez had been a lawful permanent resident for only five years and ten months, rendering him ineligible for relief under section 212(c).
 
 
 4
 Mayorga-Perez maintains that we should overrule our decision in Castillo-Felix in order to credit the time he spent in the United States prior to being admitted as a permanent resident. We are bound, however, by the law of this circuit absent en banc review or an intervening Supreme Court decision.[1] Landreth v. Commissioner, 859 F.2d 643, 648 (9th Cir.1988).
 
 II
 
 5
 Mayorga-Perez next argues that the INS is estopped from denying his eligibility for relief under section 212(c) because his ability to obtain permanent resident status was delayed by governmental error. Although the Supreme Court has left open the question of whether an estoppel claim could ever succeed against the government, it recently observed that "we have reversed every finding of estoppel that we have reviewed." Office of Personnel Mgmt. v. Richmond, 110 S.Ct. 2465, 2470 (1990). In any event, equitable estoppel may be invoked in immigration cases only "if the governmental conduct complained of amounts to 'affirmative misconduct'." Santiago v. INS, 526 F.2d 488, 491 (9th Cir.1975).[2] Neither delay, negligence, nor neglect is sufficient to warrant estoppel. Mukherjee v. INS, 793 F.2d 1006, 1008-09 (9th Cir.1986) (no misconduct where government official gave mistaken information to alien); INS v. Miranda, 459 U.S. 14 (1982).
 
 
 6
 Here, Mayorga-Perez' application for permanent resident status was allegedly delayed because of an erroneous charging policy. Between 1968 and 1976, 144,999 Cuban refugees were granted permanent resident status pursuant to the Cuban Adjustment Act, Pub.L. 89-732, 80 Stat. 1161 (1966). The visa numbers assigned to refugees were charged against the Western Hemisphere immigration quota of 120,000 per year, making those visa numbers unavailable to applicants from Western Hemisphere countries other than Cuba. The Attorney General later determined that the Cuban charging was in error and an injunction was issued to force the recapture and reassignment of the visa numbers. See Silva v. Bell, 605 F.2d 978, 980-81 (7th Cir.1979). Although the INS' initial misinterpretation undoubtedly delayed many applications for permanent residence, a good-faith interpretation of a statute that results in such delay is insufficient to support an estoppel claim against the government.
 
 III
 
 7
 Finally, petitioner argues that we should stay this petition for review pending the BIA's ruling on his motion to reopen. We have discretion to stay proceedings when a motion to reopen has been filed. Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir.1992). As in Berroteran-Melendez, however, we elect not to stay this proceeding because "the potential for abuse of the process to circumvent the BIA's discretionary power to grant or deny a stay of deportation pending a motion to reopen outweighs concerns with efficiency." Id. at 1255.
 
 
 8
 Unlike a "petition for review, which automatically stays the order of deportation, an administrative motion to reopen filed with the BIA does not provide an automatic stay of deportation." Berroteran-Melendez, 955 F.2d at 1254 n. 2. Rather, the BIA is given discretion to grant or deny a stay of deportation pending a motion to reopen. Consequently, the practice of suspending appellate proceedings under these circumstances "would effectively create an automatic stay of deportation pending the outcome of a motion to reopen," despite the statutory mandate that stays be discretionary rather than automatic. Id. at 1255 (citing Alleyne v. INS, 879 F.2d 1177, 1181-82 n. 7 & 8 (3d Cir.1989)).
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mayorga-Perez argues that because the statutory scheme of discretionary relief has changed, we may reinterpret the domicile requirement of section 212(c). The relevant portions of the statute, however, have not been amended
 Mayorga-Perez also argues that the BIA's development of an "outstanding equities" test in the context of 212(c) mandates that we revisit Castillo-Felix. This test, however, guides the exercise of discretion under section 212(c) once eligibility has been determined. Thus, this development has no bearing on our interpretation of the eligibility requirements.
 
 
 [2]
 In addition, a party asserting estoppel against the federal government must show that "the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." Mukherjee v. INS, 793 F.2d 1006, 1008-09 (9th Cir.1986)