CAVANAGH; Kevin Bundy; Johanna Henry; Scott Kravitz; William Morris; Priscilla Thomas; Derik Veenhuis; Naomi Wagner; Elena Zuniga, for themselves and others similarly situated, Plaintiffs—Appellants,

v.

HUMBOLDT COUNTY; Dennis Lewis, Sheriff; Gary Philip; Greg Bussey; Pete Jiminez; (FNU) McAllister; (FNU) Wharton; Ron Keller; Highway Patrol Officer; J. Latham; M. Bartz; (FNU) Blood; City of Eureka; Ernie Millsap, Chief, Eureka Police Department; Joe Silva, CA Department of Forestry, Defendants—Appellees.

No. 99–15568.
D.C. No. CV–97–04190–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2000.

Decided Jan. 10, 2001.

Before KLEINFELD, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM [1]

We affirm the judgment of the district court. Appellants waived their First Amendment challenge to the permit law at oral argument so we need not decide this issue. The individually named defendants are entitled to qualified immunity from the claims for monetary damages because the plaintiffs-appellants waived their First Amendment challenge to the permit law and failed to carry their burden of "stat[ing] with particularity" any other "clearly established" constitutional right allegedly violated by defendants-appellees.[2] And appellants point to no custom or practice that could subject the other defendants to § 1983 liability .[3] Also, because appellants waived their challenge to the permit law, we need not decide whether to enjoin defendants from dispersing future demonstrations for failure to have a permit.

Because appellants never made a motion to certify, the district court decided to proceed with summary judgment before deciding certification. We have approved this procedure before [4] and there was no

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. *See Collins v. Jordan,* 110 F.3d 1363, 1369 (9th Cir.1997).

3. *See Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

4. *See Wright v. Schock,* 742 F.2d 541 (9th Cir.1984) (holding that district court did not abuse its discretion by ruling on summary judgment motion before addressing class certification).

abuse of discretion here.[5] Because there is no class action, the named plaintiffs can only sue on their own behalf and cannot raise the Fourth Amendment claims of other protesters.[6] Kravitz is the only named plaintiff to raise an excessive force claim under the Fourth Amendment. But Kravitz, after being given ample opportunity for discovery, failed to name an individual who allegedly used excessive force against him. Although complaints against unidentified defendants are sometimes adequate,[7] service of process must be completed in accordance with the rules of civil procedure,[8] an obligation not met by plaintiffs-appellants in this case. And neither the county, the city, nor the named defendants can be held vicariously liable.[9]

 It is possible, although far from clear, that appellants were arguing that the defendants are estopped from enforcing the permit and unlawful assembly laws at the location of the demonstration because they had not done so before. If so, failure previously to enforce a law does not estop the government from subsequently enforcing a law, because estoppel requires "affirmative misconduct." [10] In the meeting before the protests, the authorities clearly told the protesters that the permit law would be enforced. Appellants never filed for a permit. And appellants never claimed that they would have applied for a permit earlier had they known the law would be enforced.

AFFIRMED.

---

**5.** *See Knight v. Kenai Peninsula Borough Sch. Dist.,* 131 F.3d 807, 811 (9th Cir.1997) (reviewing district court's decision regarding class certification for abuse of discretion).

**6.** *See Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d 365, 369 (9th Cir.1998).

**7.** *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**8.** *See* Fed.R.Civ.P. 4(d)(1).

**9.** *See Palmer v. Sanderson,* 9 F.3d 1433, 1438 (9th Cir.1993).

**10.** *See Mukherjee v. INS,* 793 F.2d 1006, 1008–09 (9th Cir.1986).