Dora VALENCIA–DE–FAJARDO,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70481.
I & NS No. A70–179–307.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2000.

Decided April 11, 2001.

Before BRIGHT,* T.G. NELSON, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Dora Guadalupe Valencia de Fajardo ("Fajardo") entered the United States illegally on August 8, 1993. The Immigration and Naturalization Service ("INS") served her with an Order to Show Cause the next day. Several months later, Fajardo conceded deportability in exchange for a six-month period of voluntary departure, which would end on September 17, 1994. On September 15, 1994, the INS extended Fajardo's voluntary departure period to July 28, 1995. On July 31, 1995, the INS issued a *nunc pro tunc* extension of the period to July 31, 1996, which was itself extended by handwritten notation to July 31, 1997. On July 30, 1997, the INS again extended the period to November 30, 1997. And finally, on November 27, 1997, the INS extended the period to January 23, 1998.

The Service concedes that these extensions were given to Fajardo with the expectation and understanding that they would allow her to remain in the United States until a visa petition on her behalf was approved. On October 28, 1997, a visa petition filed by Fajardo's daughter, who was a United States citizen and who had just reached the age of 21, was approved by the INS. Fajardo moved to adjust status on January 20, 1998, but the INS refused to issue any further extensions of her voluntary departure date. As a result, by the time Fajardo appeared before an Immigration Judge ("IJ") to adjust status, she had overstayed her voluntary departure date. At the hearing, the Service argued, and an IJ believed, that Fajardo was barred from adjusting status by 8 U.S.C. 1252b(e)(2). When Fajardo appealed this decision to the Bureau of Immigration Appeals ("BIA"), the BIA held that her motion to reopen was untimely because, under 8 C.F.R. 3.2, it was due on September 30, 1996.

We determine that the INS was equitably estopped from asserting that Fajardo's motion to reopen was untimely. *See Mukherjee v. INS,* 793 F.2d 1006, 1008–09 (9th Cir.1986). We therefore grant the petition for review of the BIA's March 24, 1999 decision. We remand the case to the BIA with instructions to order a new hearing before the IJ so that Fajardo may apply for adjustment of status. Because Fajardo was not consistently informed both orally and in writing of the consequences of failing to depart pursuant to her final departure order, the bar on adjustment of status imposed by 8 U.S.C. § 1252b(e)(2) (1994) does not apply to her. *See id.* § 1252b(e)(2)(B). This panel will retain jurisdiction over any further appeals in this case.

Petition for review GRANTED and case REMANDED.

---

* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.