Joaquina PIMENTAL–AGUIRRE, a.k.a Joaquina Sosa Pimental–Aguirre, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70493.

I & NS No. A29–280–195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2000.

Decided April 13, 2001.

Before BRIGHT,* T.G. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

We have jurisdiction under former 8 U.S.C. § 1105a(a),[1] and we deny the petition.

Petitioner failed to file her motion to reopen by September 30, 1996,[2] and she does not contend that she falls within any of the exceptions to this deadline specified in 8 C.F.R. § 3.23(b)(4). As a result, it was proper for the Board of Immigration Appeals (BIA) to dismiss her appeal on the

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997) ("[A]s to cases in which a final deportation order … was filed on or before October 30, 1996, the INA as it was codified prior to the passage of IIRIRA applies, including the judicial review procedures specified in [1105a(a) ]".)

2. Title 8, Section 3.23(b)(1) of the Code of Federal Regulations requires that a motion to reopen "be filed within 90 days of the date of entry of a final administrative order of … deportation … or on or before September 30, 1996, whichever is later."

ground that her motion to reopen was untimely.

■ We reject petitioner's argument that the filing deadlines in § 3.23(b)(1) were not intended to apply here because she is only attempting to remove the "docket control" placed on her old case as a result of the 1989 deportation order. Nothing in § 3.23 provides an exception for such a situation, nor does petitioner provide any authority to support such an argument. In any event, we must defer to the BIA's conclusion that § 3.23(b)(1) does apply in petitioner's situation because that conclusion is not "arbitrary, capricious, or manifestly contrary" to the plain and sensible meaning of the regulation.[3]

■ Likewise, we reject petitioner's argument that in order for the INS to process her new application, she must terminate her old case, and thus it would be absurd not to grant her motion to reopen for that limited purpose. Although the BIA has the authority to go beyond the literal meaning of the law to avoid absurd results,[4] we fail to see how this is such a situation.[5]

■ Finally, it appears that petitioner did not argue to the BIA that the INS is estopped from enforcing the filing deadlines of § 3.23(b)(1) against her because of the INS's failure to respond to her I-212 application. As a result, we cannot address that claim.[6] However, even if she had, we would reject it because she has not presented evidence of "deliberate lie[s]" or a "pattern of false promises" that would satisfy such a claim.[7]

PETITION DENIED.

---

3. *Shaar v. INS*, 141 F.3d 953, 955–56 (9th Cir.1998); *Mendoza v. INS*, 16 F.3d 335, 337 (9th Cir.1994) (although the BIA's interpretation of immigration law is reviewed *de novo*, considerable deference is owed to that interpretation).

4. *Tang v. Reno*, 77 F.3d 1194, 1198 (9th Cir. 1996) (stating that when the text of the law is clear, no further review is necessary unless the result is absurd); *Santamaria–Ames v. INS*, 104 F.3d 1127, 1130 (9th Cir.1996) ("[T]he plain meaning of language in a regulation governs unless that meaning would lead to absurd results.").

5. However, a different question may arise if the Board did not grant a *timely* filed motion to reopen when the petitioner seeks an adjustment of status which is blocked by the fact her old case is under "docket control." Because Pimental–Aquirre's motion was untimely, there is no need for us to decide that question.

6. *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987).

7. *Mukherjee v. INS*, 793 F.2d 1006, 1009 (9th Cir.1986) (holding that the doctrine of equitable estoppel cannot be invoked where petitioner is injured by the INS's negligence and inadequate service because "[p]ersons dealing with the government are charged with knowing government statutes and regulations").