**Jagdev Singh TOOR, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 03–73381.

United States Court of Appeals, Ninth Circuit.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Feb. 11, 2005.**

Decided Feb. 16, 2005.

David B. Landry, Esq., Law Office of David B. Landry, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM ***

Petitioner Toor appeals a Board of Immigration Appeals decision summarily affirming the Immigration Judge's denial of his motion to terminate removal proceedings and removal and deportation order. Toor argues that he is not subject to removal because: 1) he obtained citizenship pursuant to Immigration and Nationality Act ("INA") § 322, 8 U.S.C. § 1433 (1976); or, in the alternative, 2) that the Government is estopped from claiming that he is not a citizen. Because Toor failed to comply with the requirements and procedures of INA § 322 and because the Government's conduct was not sufficient to war-

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rant imposition of estoppel, we hereby deny Toor's petition for review.

■ INA § 322 enables children of citizen-parents to obtain citizenship.[1] INA § 322, 8 U.S.C. § 1433. The citizen-parent may petition for the naturalization of his or her child, who may be naturalized if the child is a lawful permanent resident and under 18 years of age. The child must comply with all of the provisions of naturalization, except for those provisions requiring periods of residence or physical presence in the United States. INA § 322, 8 U.S.C. § 1433(a). Procedurally, the citizen-parent must file Form N–402, *Application to File Petition for Naturalization in Behalf of Child,* and file Form N–407, *Petition for Naturalization,* for the child. *See* 8 C.F.R. § 322 (1976). The child must then comply with various other naturalization provisions in order to obtain citizenship. *See, e.g.,* 8 U.S.C. §§ 1433(a), 1446, 1447(a) (1976) (requiring a hearing, submission of recommendation to the court, good moral character unless of tender years, examination under oath, etc.).

Toor's mother filled out her own Form N–400, *Application to File Petition for Naturalization,* listing Toor as her son and requesting a certificate of citizenship for him. Form N–400 cannot be used to obtain citizenship for those eligible under INA § 322. With the exception of a withdrawn Form N–400 that Toor filed in 1983, no additional steps were taken by either Toor or his mother to obtain citizenship for him. Consequently, Toor did not obtain citizenship because of failure to comply with the applicable statute.

■ In the alternative, Toor argues that the Government should be estopped from asserting that he is not a United States citizen. "The doctrine of equitable estoppel applies against the government only if it engages in affirmative misconduct going beyond mere negligence." *Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000). This court has defined "affirmative misconduct" as requiring a "deliberate lie" or "a pattern of false promises." *See, e.g., Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir.2001) (en banc); *see also Mukherjee v. INS,* 793 F.2d 1006, 1008–09 (9th Cir.1986). This is a very high standard: "[n]either the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct." *Sulit,* 213 F.3d at 454. Furthermore, "[p]ersons dealing with the government are charged with knowing government statutes and regulations, and they assume the risk that government agents may exceed their authority and provide misinformation." *Mukherjee,* 793 F.2d at 1009 (internal quotation and citation omitted).

In this case, the Government's alleged acts do not constitute affirmative misconduct. Toor's sole assertions underlying his affirmative misconduct claim are as follows: that the examining officer should have discovered and told Toor's mother that Toor was not eligible for automatic derivative citizenship under INA § 321; that the examining officer should have told Toor's mother that she needed to fill out different forms in order to obtain citizenship for Toor, for which he was eligible under INA § 322; and that the examining officer should not have represented to Toor's mother that her application was in order. The record contains only: a declaration from Toor's mother, who states that she was assured that her application was in order and was not told that she needed to fill out additional paperwork; and Toor's mother's application to petition for

---

1. This discussion applies to the INA § 322 in effect at the time Toor's mother applied for naturalization, the 1976 edition and the 1978 supplement.

naturalization, petition for naturalization, and certificate of citizenship. None of these items establishes facts sufficiently beyond "mere negligence" to permit a finding of affirmative misconduct. Thus, Toor's estoppel claim fails.

Accordingly, the petition for review is DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.