Matias VARGAS RUIZ, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–71756.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2005.**

Decided Feb. 22, 2005.

Edgardo Quintanilla, Esq., Attorney at Law, and Keren Bahar, Law Offices of Edgardo Quintanilla, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Los Angeles, CA; Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., and Jennifer Paisner, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, CUDAHY,*** and RYMER, Circuit Judges.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

794

■

MEMORANDUM ****

Martias Vargas Ruiz, a native and citizen of Mexico, petitions for review of the denial by the Board of Immigration Appeals (BIA) of his motion for reconsideration of its decision denying his motion to reopen his immigration proceedings. We dismiss this petition for lack of jurisdiction.

■ We lack jurisdiction to consider Ruiz's argument that equitable tolling or equitable estoppel applies to the filing deadline for his motion to reopen because he failed to raise any such issue or to set forth facts that would have alerted the BIA to any such claim. Cf. Socop–Gonzalez v. INS, 272 F.3d 1176 (9th Cir.2001) (en banc). Ruiz's only argument to the BIA was that his July 18, 2002 motion was timely because it was filed within 90 days of the Board's "latest decision" (rendered April 19, 2002) even though the regulations require that motions to reopen be filed no later than 90 days after the final administrative decision was rendered (February 7, 2002). Although the BIA recognized that the motion to reopen was filed as a result of advice given in a concurring opinion, neither Ruiz's motion to reopen nor his motion for reconsideration gave any hint that a late filing should be excused for reasons having to do with equitable tolling, Socop–Gonzalez, 272 F.3d at 1184–85, or equitable estoppel, Mukherjee v. INS, 793 F.2d 1006, 1008–09 (9th Cir.1986). There is no suggestion of "affirmative misconduct" by the government here, and Ruiz has not shown why he could not have ascertained the correct filing deadline through reasonable diligence. See Socop–Gonzalez, 272 F.3d at 1184–85. Indeed, a motion to reopen could not have been timely filed in any event, because Ruiz's son did not turn 21 until after the 90–day

period provided by the regulations had expired. 8 C.F.R. § 3.2(c)(2).

■ We also lack jurisdiction to consider whether the BIA should have found exceptional circumstances sua sponte to grant the motion to reopen. Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).

PETITION DISMISSED.

---

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.