**George KHOURY; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nancy Khoury, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 03–71097, 04–72560.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Decided May 17, 2006.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Orit Levit, Ravit Rae Halperin, Esq., Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, B. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Two petitions for review have been consolidated in this matter. The first petition challenging the Board of Immigration Appeals's ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of asylum and withholding of deportation to petitioners Rania, Natalia and Nancy Khoury, is denied.[1] The second petition challenging the BIA's denial of Nancy Khoury's motion to reopen for lack of timeliness, is granted.

We review the BIA's decision that an alien has not established eligibility for asylum under the substantial evidence standard. *Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004). Here, because the BIA summarily affirmed the IJ's determination that petitioners were ineligible for asylum without performing an independent review, we review the IJ's decision. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). Under the substantial evidence standard, findings by the IJ will be upheld unless the evidence compels a contrary result. *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004).

The BIA's decision regarding an applicant's motion to reopen is reviewed for an abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Any underlying issues of law, however, are reviewed de novo. *Varela v. INS,* 204 F.3d 1237, 1239 (9th Cir.2000).

An immigration judge abuses his or her discretion when he or she acts arbitrarily, irrationally, or contrary to law. *Chete Juarez v. Ashcroft,* 376 F.3d 944, 947 (9th Cir.2004).

A. First Petition: Denial of Asylum and Withholding of Deportation

To be eligible for asylum, petitioners must demonstrate that they have suffered past persecution or that they have a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b). Petitioners claim they feared being persecuted in Jordan because they are Christian.[2]

1. *Past Persecution*

In order to establish "past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000) (internal quotations omitted). Petitioners make a weak showing on the first and fail to establish the third elements of past persecution.

Rania Khoury testified that she was dragged by two men dressed in Muslim attire toward a car in an apparent kidnap attempt. We have held that similar violent encounters do not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995) (holding being hit and kicked during a brief deten-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. George and Anna Khoury originally filled the first petition for review on behalf of themselves and their daughters, Rania, Natalia, and Nancy. George and Anna's claims are now moot, however, because they were recently granted adjustment of status. Accordingly, George and Anna Khoury's claims are DISMISSED.

2. Since the parties are familiar with the facts, we reference them only as necessary to explain our decision.

tion in a police station did not constitute persecution). Likewise, minor acts of vandalism and intimidation, such as throwing rocks, making threatening phone calls, and ransacking a dorm room, do not constitute persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005) (holding "serious" but anonymous threats coupled with harassment and de minimis property damage did not constitute persecution).

■ Nancy Khoury corroborated her father's and sister's testimony, stating that men she believed to be Islamic fundamentalists threw rocks at the windows of the Khoury house and made numerous threatening phone calls, both before and after her father left Jordan. She stated that her mother installed an iron door to protect the family after her father left.

Nancy also testified that a male Muslim co-worker questioned her at work about her father's whereabouts and warned her to stop her church activities. She said that he also tried to convince her to convert to Islam.[3]

■ We are not persuaded that these incidents rise to the level of persecution. Even if they did, however, petitioners' asylum claim fails because there is no evidence that the acts were committed by the Jordanian government or forces the government was either unable or unwilling to control. Petitioners were never jailed, arrested, or detained. Moreover, they did not claim that the assailants were government agents, or that the government ignored their pleas for help. Indeed, petitioners admitted that they did not report any incidents to the authorities, and in effect, never gave the government any opportunity to protect them. Additionally, the State Department Report indicated

that Christian faiths are formally recognized by the Jordanian government, discrimination on the basis of religion violates the Jordanian constitution, and Christians are permitted to practice their religion openly. Given these considerations, the evidence does not compel a finding that petitioners suffered past persecution. Therefore, we must affirm the IJ's determination that petitioners did not suffer past persecution under the substantial evidence standard. *Tawadrus,* 364 F.3d at 1102.

### 2. Well–Founded Fear of Future Persecution

A well-founded fear must be subjectively genuine and objectively reasonable. *Montecino v. INS,* 915 F.2d 518, 520–21 (9th Cir.1990). An applicant can demonstrate a well-founded fear of persecution if: (1) she has a fear of persecution in her country; (2) there is a reasonable possibility of suffering such persecution; and (3) she is unable or unwilling to return to that country because of such fear. 8 C.F.R. § 1208.13(b)(2)(i).

The subjective prong is satisfied by an applicant's credible testimony that he or she genuinely fears harm. *Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir.1995). Here, petitioners testified that they feared for their personal safety if they returned to Jordan. We must presume that petitioners' testimony was credible because the IJ did not make an adverse credibility finding. *Artiga Turcios v. INS,* 829 F.2d 720, 723 (9th Cir.1987). Thus, petitioners have satisfied the subjective prong.

■ The objective prong can be satisfied in two ways: (1) by proving past persecution, giving rise to a rebuttable

---

**3.** The record infers that Natalia Khoury did not testify, and there is no discussion in the

parties' briefs to suggest otherwise.

presumption that a well-founded fear of future persecution exists; or (2) showing good reason to fear future persecution by adducing credible, direct and specific evidence in the record of facts that would support a reasonable fear of persecution. *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000). Since petitioners did not establish past persecution, they must prove that their fear of future persecution is objectively reasonable.

The *objective* requirement can be met either through specific documentary evidence or by credible and persuasive testimony. *Id.* The only additional evidence offered to prove petitioners' well-founded fear was Samir Abulail's testimony. Abulail admitted, however, that he had no personal knowledge of petitioners' experiences. Moreover, his testimony regarding conditions in Jordan was vague and nonspecific, and consequently, is insufficient to satisfy the objective prong of the well-founded fear analysis. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (holding an applicant's fear must be based on an individualized, rather than generalized, risk of persecution). In light of the scant evidence that petitioners presented, the record supports the IJ's conclusion that petitioners failed to establish a well-founded fear of future persecution.

Since the IJ's finding that petitioners are ineligible for asylum is supported by substantial evidence, petitioners are also ineligible for withholding of deportation, which carries a higher burden of proof. *Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001) (the "'clear probability' standard for withholding of [deportation] is more stringent than the well-founded fear standard governing asylum").

Accordingly, the first petition for review of the IJ's denial of asylum and withholding of deportation is DENIED.[4]

**B. Second Petition: Denial of Nancy Khoury's Motion to Reopen**

An alien is entitled to file one motion to reopen within 90 days of the BIA's decision, subject to certain exceptions set forth in 8 C.F.R. § 1003.2(c)(3). Nancy filed her motion to reopen more than one year after the BIA denied her application for asylum and withholding of deportation and she cannot satisfy any of the statutory exceptions. Nevertheless, she argues that she is entitled to relief from the statute of limitations based on equitable tolling or equitable estoppel. Nancy contends that despite her due diligence, the government prevented her from filing a timely motion to reopen when it "erroneously denied" her I–140 petition.

Equitable estoppel cannot serve as the basis for relief in this case because there is no evidence that the government engaged in "affirmative misconduct" when it denied Nancy's I–140 petition. *Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir. 1986). We will apply equitable tolling, however, in situations where, "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (internal quotations and citation omitted). Here, Nancy was diligent in pursuing available remedies, but indeed, had no basis for filing a motion to reopen until her work visa was approved. She immediately appealed the denial of her work visa and filed her motion to reopen with the BIA as soon as the Administrative Appeals Unit sustained her

**4.** We also hold that Rania and Natalia Khoury are ineligible for "repapering" because the BIA has issued a final administrative decision.

Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(3), Pub.L. No. 104–208, 110 Stat. 3546.

appeal. Under these circumstances, equitable considerations favor granting relief. Accordingly, the second petition for review is GRANTED and REMANDED to the BIA for consideration of Nancy Khoury's motion to reopen on the merits.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.