WOONG JOO YOON; et al.,
Plaintiffs–Appellants,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE; et al.,
Defendants–Appellees.

No. 05–56219.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed May 29, 2007.

Andrew N. Chang, Esq., Esner &
Chang, Pasadena, CA, Mary Lee, Esq.,
Law Offices of Mary Lee, Los Angeles,
CA, for Plaintiffs–Appellants.

David E. Pinchas, Esq., Office of the
U.S. Attorney, Los Angeles, CA, for De-
fendants–Appellees.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM *

Woong Joo Yoon, a citizen and national of South Korea, and his wife, Hyun Joo Chang, appeal the district court's summary judgment order in favor of the United States Citizenship and Immigration Services ("CIS"). We review the grant of summary judgment de novo. *Qwest Commc'ns Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). CIS's decision to revoke Yoon's I–360 petition was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and therefore, we affirm.[1] 5 U.S.C. § 706(2)(A); *see Spencer Enters., Inc. v. United States*, 345 F.3d 683, 693 (9th Cir.2003).

■ CIS issued a Notice of Intent to Revoke Yoon's I–360 petition, classifying him as a special immigrant religious worker, and gave him thirty days to respond with supporting evidence. *See* 8 C.F.R. 204.5(m). Yoon failed to submit sufficient evidence to (1) rebut the alleged corporation suspension of the Korean Buddhist Peace Temple, (2) demonstrate that his job offer was for full-time employment, defined as at least thirty-five hours per week, and (3) demonstrate that he had two years of prior salaried, full-time religious work experience. Because Yoon failed to address the deficiencies in his petition, and instead chose to file an action in district court, CIS's decision to revoke the visa was reasonable. *See Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir.2000).

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. We grant Yoon's Request for Judicial Notice of selected portions of the INS Adjudicator's

■ Because CIS did not engage in any affirmative misconduct, the district court did not err by declining to apply equitable estoppel. *Mukherjee v. INS*, 793 F.2d 1006, 1008–09 (9th Cir.1986). There is no evidence that the seven year delay in processing Yoon's application for adjustment of status "was anything but neglect," and "[n]eglect will not support estoppel." *Jaa v. INS*, 779 F.2d 569, 572 (9th Cir.1986).

■ We also reject Yoon's argument that the district court erred in denying his request for additional discovery to determine CIS's motivation behind the lengthy delay in processing his application. *See* Fed.R.Civ.P. 56(f). Because Yoon failed to present evidence that CIS acted in bad faith, the district court did not abuse its discretion in denying the motion. *See Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir.2004).

**AFFIRMED.**

Field Manual and the California Secretary of State's "Certificate of Status, Domestic Corporation."