Sanju Lata KUMAR, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–71930.
BIA No. A72–011–013.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Oct. 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Sanju Lata Kumar, pro se, South San Francisco, CA, Ahmed M. Abdallah, Esq. Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Janice K. Redfern, Laura Flippin, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Sanju Lata Kumar, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' denial of her motion to reopen deportation proceedings, so that she may apply for adjustment of status pursuant to an approved relative petition as the spouse of a U.S. citizen. The Board denied Kumar's motion to reopen under the Immigration and Nationality Act, 8 U.S.C. § 1252b(e)(2)(A) (1997), which provides that an alien is ineligible for an adjustment of status for a period of five years if she fails to comply with the terms of a grant of voluntary departure, absent a showing of "exceptional circumstances."

In her petition, Kumar argues that she failed to depart in accordance with the terms of her grant of voluntary departure because of "exceptional circumstances," in that: (1) her first motion to reopen was dismissed as untimely by the Board due to an admitted error, which it later corrected; and (2) she relied on her lawyer's instruction that she need not depart the United States while her petition for our review of an application for political asylum was pending, and her lawyer never alerted her to the fact that her petition had been dismissed due to his failure to file a brief. Kumar also asserts that the Board's mistake in denying her motion to reopen as untimely is grounds for applying the doctrine of equitable estoppel and for thereby lifting the bar to her adjustment of status.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The Board correctly determined that its prior erroneous dismissal-as-untimely of Kumar's first motion to reopen did not meet the statutory standard of an "exceptional circumstance" excusing Kumar's departure. Congress has narrowly defined "exceptional circumstances" as those that are "beyond the control of the alien," such as "serious illnesses" or deaths in the immediate family, but "not including less compelling circumstances." 8 U.S.C. § 1252b(f)(2). The mere pendency of a petition to reopen deportation proceedings or the act of filing such a petition does not rise to the level of an "exceptional circumstance." *See Shaar v. INS*, 141 F.3d 953, 957 (9th Cir.1998).

Kumar's claim that the Board should be "equitably estopped" from executing its order of deportation due to its 'mistake in calculating the timeliness of Kumar's motion to reopen is unavailing. Kumar's failure to depart by the end of her 30–day deadline for voluntary departure was not affected by the Board's error; as Kumar had already overstayed her deadline by several years by the time the Board even received her motion to reopen, the Board would have been compelled to dismiss the motion on the merits regardless of the miscalculation. This falls far short of the "affirmative misconduct" required to sustain a claim of equitable estoppel. See *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir.2001) (en banc) (equitable estoppel applies only if INS engages in " 'affirmative misconduct' " which is defined "to mean a 'deliberate lie' or 'a pattern of false promises' ") (quoting *Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir. 1986)).

Kumar claims that her lawyer failed to file her opening brief for our review of her asylum claim in 1998. She claims that her lawyer told her that she did not have to depart the country pending our decision, and she claims that she stayed in the country in reliance on this advice, unaware that we had dismissed her case in April of 1999 for failure to prosecute.

■ If Kumar's lawyer did indeed fail to file the opening brief for review of her asylum case without Kumar's knowledge or consent, this could well rise to the level of an "exceptional circumstance." *See Lo v. Ashcroft*, 341 F.3d 934, 936–37 (9th Cir. 2003); *Fajardo v. INS*, 300 F.3d 1018, 1022 n. 8 (9th Cir.2002) (suggesting to the Board of Immigration Appeals on remand that "it [would be] difficult to imagine" how a paralegal's failure to inform the petitioner "of her need to appear at her deportation hearing would not constitute an exceptional circumstance").

We have previously recognized equitable tolling of statutes of limitation on motions to reopen during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1224–26 (9th Cir.2002). Kumar's claim of ineffective assistance of counsel, if substantiated, would excuse her overstay, unless due diligence is found to be lacking.

Her then-counsel has now been disbarred from the practice of law in California and disbarred from practice before immigration courts. That, coupled with the credible allegations of his conduct in this case, give great credence to Kumar's claim of ineffective assistance of counsel.

However, that claim is more appropriately considered by the Board in the first instance. Thus, although the Board correctly dismissed the petitioner's claims to equitable tolling and equitable estoppel, we must vacate the denial of the motion to reopen, and remand to the Board to allow it to determine if Kumar's counsel failed to

file the brief without her consent, and thus whether his conduct amounted to an exceptional circumstance meriting equitable tolling.

**VACATED AND REMANDED.**